IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 05-AP-00876-WDM

TINA NUTTING,

    Plaintiff,

v.

JO ANNE B. BARNHART, Commissioner of Social Security,

    Defendant.

## MEMORANDUM OPINION AND ORDER

Miller, J.

Claimant Tina Nutting (Nutting) appeals a final administrative decision by defendant Jo Anne B. Barnhart (the Commissioner) finding that she is not disabled within the meaning of the Social Security Act.

### Background

Nutting was born January 14, 1960. She has a master's degree in social work, and prior to applying for disability, she was employed as a social worker. She applied for disability insurance benefits in November 2001 alleging that she has been disabled since October 30, 2000[1] because of the effects of a heart condition (mitral valve prolapse), fibromyalgia, a herniated disc in her back (L4/L5), a dislocated shoulder, migraines, and insomnia. At the time of her application, Nutting was 41 years old.

---

[1] This date does not correspond with any specific traumatic event or injury. It is notable, however, that this is the same date that Nutting was laid off from her job as a social worker.

Since February 2000, Nutting has been diagnosed and treated on many different dates by many different physicians. Her medical reports indicate that she suffers or has suffered from all of the impairments listed on her disability application — a heart condition, fibromyalgia, herniated disc, dislocated shoulder, migraines, and insomnia — as well as depression. Notable events in Nutting's medical history include a knee injury from hiking in September 2000, surgery to repair this knee in July 2002, a separated left shoulder caused by an auto accident in December of 2000, surgery to repair this shoulder in July 2001, and another auto accident in January 2004.

After initial denial of her application, Nutting received a hearing before an Administrative Law Judge (ALJ) on January 21, 2004. Following the hearing, the ALJ issued an opinion finding her not disabled. Then, the Social Security Appeals Council denied her request for review, rendering the ALJ's determination final for purposes of her appeal to this court.

### Standard of Review

I review the Commissioner's decision to determine whether her factual findings are supported by substantial evidence in the record as a whole and whether she applied the correct legal standards. *Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The commissioner must apply the correct legal standard, and must provide the court with a sufficient basis to determine that appropriate legal principles were followed. *Nielson v. Sullivan*, 992 F.2d 1118, 1119-1120 (10th Cir.

1993).

## Discussion

The Secretary has established a five-step evaluation process to determine whether a claimant is disabled for purposes of the Social Security Act. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988). The steps of the evaluation are:

> (1) whether the claimant is currently working; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets an impairment listed in appendix 1 of the relevant regulation; (4) whether the impairment precludes the claimant from doing [her] past relevant work; and (5) whether the impairment precludes the claimant from doing any work.

*Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992).

Nutting's main argument on appeal is that, at step four, when the ALJ was determining her Residual Functional Capacity (RFC), he failed to consider many of her impairments in combination. It is well established that throughout the five-stage process, the ALJ is required to consider the combined effect of a claimant's medically determinable impairments, even if some impairments, if considered individually, are not severe. 42 U.S.C. § 423(d)(2)(b)*;* C.F.R. §§ 404.1523, 1545; *see also Langley v. Barnhart*, 373 F.3d 1116, 1123 (10th Cir. 2004) (remanding because the ALJ's decision did not indicate that he considered the cumulative effect of claimant's impairments); *Barrett v. Barnhart*, 355 F.3d 1065, 1068-69 (7th Cir. 2004) (holding that ALJ's failure to consider the cumulative effect of severe and non-severe impairments was reversible error). And, although the "ALJ is not required to discuss every piece of evidence," *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996), meaningful review requires that the ALJ articulate the basis for his decision with sufficient detail to allow a reviewing court to determine that he followed

the appropriate legal principles. *Nielson v. Sullivan*, 992 F.2d 1118, 1119-1120 (10th Cir. 1993). Accordingly, the Tenth Circuit has held that "[w]here the record on appeal is unclear as to whether the ALJ applied the appropriate standard . . . the proper remedy is reversal and remand." *Baker v. Bowen*, 886 F.2d 289, 291 (10th Cir. 1989); *see also Langley*, 373 F.3d at 1123 (remanding because "the ALJ's decision does not indicate that he considered the cumulative effect of claimant's impairments"). The Tenth Circuit has recently cautioned, however, that ALJ decisions should not be reversed and remanded merely because the ALJ failed to adequately articulate one aspect of his decision, if the opinion as a whole clearly indicates that the mistake was harmless error. *Fischer-Ross v. Barnhart*, 431 F.3d 729 (10th Cir. 2005). Although courts should "apply harmless error analysis cautiously in the administrative review setting, "remand is not necessary when the reviewing court "can confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way." *Id.* at 733-34.

In this case, it is difficult to determine from reading the ALJ's decision whether he considered the cumulative effect of Nutting's impairments during stage four. The ALJ never explicitly says that he did, and his stage four discussion focuses almost exclusively on Nutting's subjective claims of pain. Indeed, the ALJ's opinion gives no indication whether the ALJ continued to consider Nutting's insomnia, heart problems, depression, fatigue, and intermittent migraines throughout the process, or whether he simply discarded these impairments at stage two because he found them not severe.

Therefore, under *Langley* and *Baker*, I must remand unless ALJ's decision can be

rescued by the harmless error analysis used in *Fisher-Ross*. I conclude that it cannot. In *Fisher-Ross*, the ALJ merely failed to discuss why he found that the applicant did not meet any of the stage three listings — a clear error under *Clifton*. *Id.* at 733. However, the ALJ's stage four and five analysis eliminated any doubt that the ALJ had applied the correct standard, but merely failed to put his analysis into words. In this case however, the problem is not just a failure to articulate; the problem is that I cannot tell whether the ALJ applied the correct standard. From review of the entire opinion and the record as a whole, it is not clear whether the ALJ discarded the non-severe impairments after stage two. Moreover, testimony from a vocational expert indicates that it is at least possible that consideration of Nutting's fatigue and insomnia in calculating her RFC could lead to a finding of disability. (See Admin. R. at 359) Therefore, I cannot say with confidence "that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way." Accordingly, I will remand for reconsideration.

In addition, Nutting argues that the ALJ failed to adequately assess her complaints regarding pain and fatigue. Regarding fatigue, Nutting's arguments are intertwined with the "combination" argument discussed above, and her subjective complaints of fatigue should be taken into account with all of her impairments upon reconsideration. As for Nutting's subjective claims of pain, I find the ALJ's conclusions supported by substantial evidence. Although Nutting presents vague arguments that the ALJ failed to consider reports of treating sources, she does not identify which reports were ignored. Further, the ALJ's discussion of Nutting's pain is reasonable. The ALJ gave many reasons why he

found that her pain was not as severe as she claimed.  For example, he notes that Nutting has "no observable difficulty moving" (Admin. R. at 20), can drive, has an unrestricted driver's license, has recently undertaken care for additional foster children, and that there appears to be little change in her conditions from when she was working.

Next, Nutting argues that the ALJ erred in his RFC determinations because his RFC findings improperly conflict with those of the state agency physician.  Specifically, the state agency physician found that Nutting should avoid concentrated exposure to extreme cold  (Admin. R. at 259), but the ALJ neglected to include this limitation in his RFC findings.

This argument is clearly without merit.  Even assuming that the ALJ erred by failing to properly explain why he rejected this part of the state physician's opinion, any error on this point is clearly harmless under *Fischer-Ross*.  At least two of the jobs that the ALJ found Nutting could perform — telemarketer and call out operator — would not necessarily require concentrated exposure to extreme cold.

Finally, Nutting argues that the ALJ failed to adequately develop the record by not re-contacting treating sources.  However, given my finding that this case must be remanded for reconsideration, I need not decide the merits of this issue.  Upon remand, Nutting should produce whatever additional evidence she feels is necessary to fully develop the record.

## Conclusion

Based upon my review of the record in this case, I find that the ALJ failed to adequately demonstrate that he considered the cumulative effect of all of Nutting's

medically determinable impairments throughout the five-step process.  Accordingly, the determination that Nutting is not disabled is reversed and this matter is remanded for proceedings consistent with this opinion.

DATED at Denver, Colorado, on September 25, 2006.

BY THE COURT:


s/ Walker D. Miller
United States District Judge