IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
SENIOR JUDGE WALKER D. MILLER

Civil Action No. 05-cv-00876-WDM

TINA NUTTING,

      Plaintiff,

v.

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

## ORDER ON MOTION FOR ATTORNEYS' FEES

Miller, J.

This matter is before me on Plaintiff's Motion for Attorney Fees Under EAJA (Docket No. 20). Defendant Commissioner of Social Security opposes the motion. After a review of the pleadings and the parties' written arguments, I conclude oral argument is not required. For the reasons that follow, the motion will be denied.

### Background

Plaintiff appealed the denial of her application for disability insurance benefits by Defendant Commissioner of Social Security. Plaintiff had applied for disability insurance benefits in November 2001 alleging disability because of the effects of a heart condition, fibromyalgia, a herniated disc in her back, a dislocated shoulder, migraines, and insomnia. Plaintiff had previously worked as a social worker. After a hearing before an administrative law judge ("ALJ"), the ALJ found that Plaintiff had severe impairments and could not perform her previous work but that she retained the ability to work jobs that existed in

sufficient numbers in the economy.

I entered an order on September 25, 2006 (Docket No. 14) reversing and remanding the Commissioner's decision based on my conclusion that the administrative law judge ("ALJ") did not make clear whether he had considered all of Plaintiff's impairments in combination when deciding her Residual Functional Capacity ("RFC"). Because I could not tell whether the ALJ had applied the correct standard, and the error was not harmless, I remanded the case for reconsideration of this issue. I rejected Plaintiff's other arguments regarding additional alleged errors in the ALJ's decision. The Commissioner did not appeal my decision and it is therefore final.

Plaintiff now seeks attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 for fees incurred in appealing the case to this court. Plaintiff seeks a total of $ 4,589.90 in attorneys' fees.[1]

## Standard of Review

The EAJA provides that a court may award reasonable attorneys' fees "to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity." 28 U.S.C. § 2412(b). A petition for such fees must be submitted within thirty days of final judgment and must show "that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness . . . stating the actual time expended and the rate at which fees and other

---

[1] Plaintiff requests payment at an hourly rate of $ 166 for 27.65 hours of work. This is consistent with the statutory rate for attorneys' fees under the EAJA, as adjusted by the consumer price index.

expenses were computed. The party shall also allege that the position of the United States was not substantially justified." 28 U.S.C. § 2412(d)(1)(B). "Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought." *Id.* The Commissioner has the burden of proof to show that his position was substantially justified. *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995). "The test for substantial justification in this circuit is one of reasonableness in law and fact." *Id.* Thus, the government's position must be "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The government's "position can be justified even though it is not correct." *Id.* at 566 n. 2. EAJA fees may be awarded where the ALJ's underlying action was unreasonable even if the government thereafter advanced a reasonable litigation position. *Hackett v. Barnhart*, 475 F.3d 1166, 1174 (10th Cir. 2007).

## Discussion

Plaintiff presents a timely petition under the EAJA. She argues that she is the prevailing party, is eligible for fees under the EAJA, and that the Commissioner's position in this case was not substantially justified. The petition is supported by an itemized listing of hours and tasks from Plaintiff's attorney.

The Commissioner therefore has the burden of demonstrating that his position was substantially justified. The Commissioner argues that his position was substantially justified because there was significant medical and non-medical evidence on the record to support the ALJ's determination that Plaintiff is not disabled. The ALJ went through the proper

sequence of steps in determining disability and determined at Step 2 that Plaintiff had several severe impairments, specifically fibromyalgia, left shoulder pain, status post surgical repair, degenerative disorders of the lumbar spine, a somatoform disorder, and an affective disorder. Impairments determined to be not severe included mitral valve prolapse, left knee problem, and migraine headaches. After determining that Plaintiff could not return to her previous work and determining her RFC, the ALJ relied on the testimony of a vocational expert regarding the number of jobs existing in the economy that Plaintiff could perform.

     I agree that the ALJ's determination of Plaintiff's RFC, while ultimately in error, was substantially justified. As noted by the Commissioner, Plaintiff had many of her impairments for several years before the date she allegedly became disabled, during which time she worked as a social worker and lived an active lifestyle. Plaintiff's medical records did not indicate any event, other than being laid off, that would have increased or exacerbated Plaintiff's symptoms at that time. There was substantial justification for the ALJ's determination that Plaintiff did not have severe heart problems, as there was significant medical evidence showing that her lung and cardiovascular exams were normal and that some of her symptoms were attributable to gastroesophegeal reflux syndrome, which responded to medication. There was also substantial justification for the ALJ's determination that Plaintiff's knee problems were not severe in that Plaintiff had knee surgery with good results. In addition, the ALJ reasonably relied on evidence that Plaintiff rarely sought treatment for headaches, did not have functional limitations resulting from sleeplessness or fatigue, and responded to treatment for her mental impairments as well as for other conditions. Finally, it appears that the ALJ properly imposed limitations on

Plaintiff's RFC based on the medical evidence of Plaintiff's back and shoulder pain and fibromyalgia, in that he determined she could perform only sedentary work with various additional restrictions. As noted above, the ALJ's error was primarily one of omission in failing to make clear that he had considered the effects of all of Plaintiff's impairments in combination.

In addition, I agree with the Commissioner that there was nonmedical evidence which reasonably supported the ALJ's determination that Plaintiff retained the ability to perform some sedentary work, with restrictions. There was evidence that Plaintiff had taken on significant responsibilities in caring for foster children in her home and that she had good memory, concentration, organization, and alertness. Finally, it appears that the ALJ properly relied on the testimony of the vocational expert regarding the number of jobs existing in the economy given the RFC. Viewing the record as a whole and mindful of the limited basis upon which I found error, I conclude that the Commissioner's position was reasonable in law and in fact. I note that Plaintiff did not file a reply brief and therefore did not respond the Commissioner's arguments regarding substantial justification.

Accordingly, it is ordered:

1.   Plaintiff's Motion for Attorney Fees Under EAJA (Docket No. 20) is denied.

DATED at Denver, Colorado, on December 9, 2009.

BY THE COURT:

s/ Walker D. Miller
United States Senior District Judge